## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### Case No.:

ASHANTI THOMAS,

     **Plaintiff,**                                              **COMPLAINT**

v.

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS INC, TRANS UNION LLC, and AMERICOLLECT INC,

                                          **DEMAND FOR JURY TRIAL**

     **Defendants.**

_____/

### COMPLAINT

Plaintiff, Ashanti Thomas ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), Defendant Experian Information Solutions Inc ("Defendant Experian" or "Experian"), Defendant Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), and Defendant Americollect Inc., ("Defendant Americollect" or "Americollect"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

§ 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Duval County, Florida.

5.      Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f)

7.      Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

8.      Defendant Americollect is a Wisconsin corporation whose registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Americollect is a debt collector licensed in the State of Florida.

## GENERAL ALLEGATIONS

9.      This action involves derogatory and inaccurate reporting of an account sent to Defendant Americollect for collections (the "Account") by Defendant Americollect to Defendants Equifax, Experian, and Trans Union.

10.      Plaintiff does not know the original creditor of the Account or the basis of the debt that underlies the Account. The Account does not belong to her.

11.      In or about January 2024, Plaintiff requested a copy of her credit report from Defendant Equifax. The Equifax Report listed the Account.

12.      In or about January 2024, Plaintiff submitted a dispute to Defendant Equifax because the Equifax Report listed the Account which she knows nothing about and does not belong to her.

13.      In or about January 2024, Equifax verified the Account and indicated that Americollect certified to Equifax that the information was accurate.

14.      In or about January 2024, Plaintiff requested a copy of her credit report from Defendant Experian. The Experian Report listed the Account.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.    In or about January 2024, Plaintiff submitted a dispute to Defendant Experian because the Experian Report listed the Account which she knows nothing about and does not belong to her.

16.    In or about January 2024, Experian verified the Account and indicated that Americollect certified to Experian that the information was accurate.

17.    In or about January 2024, Plaintiff requested a copy of her credit report from Defendant Trans Union. The Trans Union Report listed the Account.

18.    In or about January 2024, Plaintiff submitted a dispute to Defendant Trans Union because the Trans Union Report listed the Account which she knows nothing about and does not belong to her.

19.    In or about January 2024, Trans Unions verified the Account and indicated that Americollect certified to Trans Union that the information was accurate.

20.    Plaintiff was denied lines of credit and loans due to the inaccurate and derogatory reporting of the Account by Defendant Equifax, Defendant Experian, and Defendant Trans Union and furnished by Defendant Americollect.

21.    As of the filing of this complaint, Defendant Equifax, Defendant Experian, and Defendant Trans Union are still reporting the Account on Plaintiff's credit reports.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

22.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5, 9-13, and 20-21 of this Complaint.

23.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Americollect and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant Americollect.

24.     In or around January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Americollect. Therefore, in or around January 2024, Plaintiff reported this inaccurate and derogatory information to Equifax.

25.     Defendant Americollect verified the inaccurate reporting of the Account's payment history. Despite Equifax having been put on notice of the inaccurate reporting, Equifax did not correct the inaccurate information on Plaintiff's Equifax credit report.

26.     As of the filing of this complaint, Defendant Americollect's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

27.     Equifax is engaged in the business of credit reporting and is commonly

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

28.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

29.     Despite Equifax having received Plaintiff's dispute of Defendant Americollect's information, Equifax continues to report the Account on Plaintiff's Equifax Report.

30.     Continuing to report the status of the Account in this fashion is significant.

31.     By continuing to report the Account in this fashion, lenders believe Plaintiff has an account in collections, when she does not, which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

32.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

33.     Equifax failed to conduct a reasonable investigation and reinvestigation.

34.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35.     Equifax failed to conduct an independent investigation and, instead, deferred to Americollect, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

36.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

37.     Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

38.     Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Americollect despite being in possession of evidence that the information was inaccurate.

39.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

40.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

41.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

42.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

43.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

44.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly  and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had  advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

45.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

46.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

47.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

48.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

49.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

50.    Plaintiff incorporates by reference paragraphs ¶¶ 1-5, 9-13, and 20-21 above of this Complaint.

51.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

52.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

53.    On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

54.     Additionally, Equifax negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

55.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable  request  by  Plaintiff;  [d]  the  failure  to  promptly  and  adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Equifax to  delete; and [h] the failure to take adequate steps to verify information Equifax had reason to  believe was inaccurate before including it in the credit report of the consumer.

56.     The conduct, action, and inaction, of Equifax was negligent, thereby

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

57.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

58.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

59.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

60.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 9-10, 14-16, and 20-21 of this Complaint.

61.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Americollect and continues to include the same

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information concerning inaccurate and derogatory reporting of the Account by Defendant Americollect.

62.   In or around January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Americollect. Therefore, in or around January 2024, Plaintiff reported this inaccurate and derogatory information to Experian.

63.   Defendant Americollect verified the inaccurate reporting of the Account's payment history. Despite Experian having been put on notice of the inaccurate reporting, Experian did not correct the inaccurate information on Plaintiff's Experian credit report.

64.   As of the filing of this complaint, Defendant Americollect's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

65.   Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

66.   Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

67.   Despite Experian having received Plaintiff's dispute of Defendant Americollect's information, Experian continues to report the Account on Plaintiff's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Experian Report.

68.     Continuing to report the status of the Account in this fashion is significant.

69.     By continuing to report the Account in this fashion, lenders believe Plaintiff has an account in collections, when she does not, which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

70.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

71.     Experian failed to conduct a reasonable investigation and reinvestigation.

72.     Experian failed to review and consider all relevant information submitted by Plaintiff.

73.     Experian failed to conduct an independent investigation and, instead, deferred to Americollect, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

74.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

75.     Experian's reporting of inaccurate information about the Account,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

76.    Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Americollect despite being in possession of evidence that the information was inaccurate.

77.    Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

78.    Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

79.    On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

80.    Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

credit report.

81.     Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

82.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly  and adequately investigate information which Experian had notice was inaccurate; [e] the  continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had  advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

83.   The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

84.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

85.   The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

86.   As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

87.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 4**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

88.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 9-10, 14-16, and 20-21 above of this Complaint.

89.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

90.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

91.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

92.     Additionally, Experian negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

93.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

94.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

95.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1681(n).

96.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

97.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

98.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 7, 9-10, and 17-21 of this Complaint.

99.     Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Americollect and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant Americollect.

100.   In or around January 2024, Plaintiff checked her credit report and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

noticed that there was an inaccurate report from Defendant Americollect. Therefore, in or around January 2024, Plaintiff reported this inaccurate and derogatory information to Trans Union.

101.    Defendant Americollect verified the inaccurate reporting of the Account's payment history. Despite Trans Union having been put on notice of the inaccurate reporting, Trans Union did not correct the inaccurate information on Plaintiff's Trans Union credit report.

102.    As of the filing of this complaint, Defendant Americollect's derogatory and inaccurate information is still listed on Plaintiff's credit report.

103.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

104.    Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

105.    Despite Trans Union having received Plaintiff's dispute of Defendant Americollect's information, Trans Union continues to report the Account on Plaintiff's Trans Union Report.

106.    Continuing to report the status of Plaintiff's account in this fashion is

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

significant.

107.    By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has an account in collection, which she does not, that reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

108.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

109.    Trans Union failed to conduct a reasonable investigation and reinvestigation.

110.    Trans Union failed to review and consider all relevant information submitted by Plaintiff.

111.    Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant Americollect, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

112.    Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

113.    Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

114.   Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Americollect despite being in possession of evidence that the information was inaccurate.

115.   Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

116.   Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

117.   On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

118.   Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

119.   Trans Union's procedures were per se deficient by reason of these

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

120.   Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the  continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

121.   The conduct, action, and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

122.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

123.   The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

124.   As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

125.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence  in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys'

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 6**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

126.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 7, 9-10, and 17-21 of this Complaint.

127.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

128.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

129.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

130.    Additionally, Trans Union negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

131.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

132.    The conduct, action, and inaction of Trans Union, was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

133.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

134.   As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

135.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Americollect)

136.   Plaintiff incorporates the paragraphs ¶¶ 1-4 and 8-21 and by reference of this Complaint.

137.   Defendant Americollect is a debt collection agency licensed in the State of Florida.

138.   In or about January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Americollect.

139.   In or about January 2024, Plaintiff submitted disputes of the erroneous and derogatory reporting to Equifax, Experian, and Trans Union by Defendant Americollect.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

140.  In response to the Disputes, Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant Americollect of the Disputes in accordance with the FCRA.

141.  As of the filing of this complaint, the Account has continued to be verified by Defendant Americollect.

142.  Defendant Americollect is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

143.  On a date better known by Defendant Americollect, Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant Americollect of Plaintiff's Disputes in accordance with the FCRA.

144.  In response to the notices received from Equifax, Experian, and Trans Union regarding Plaintiff's Disputes, Defendant Americollect did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

145.  In response to receiving notice from Equifax, Experian, and Trans Union regarding Plaintiff's Disputes, Defendant Americollect failed to correct and/or delete information it knew to be inaccurate and/or which Equifax, Experian, and Trans Union could not otherwise verify.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

146. Instead of conducting a reasonable investigation, Defendant Americollect erroneously validated the Account and continued to report inaccurate information to Equifax, Experian, and Trans Union.

147. On at least one occasion within the past year, by example only and without limitation, Defendant Americollect violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

148. On at least one occasion within the past year, by example only and without limitation, Defendant Americollect violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax, Experian, and Trans Union.

149. On at least one occasion within the past year, by example only and without limitation, Defendant Americollect violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Equifax, Experian, and Trans Union about the inaccurate information.

150. Upon information and belief, Defendant Americollect was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

151. Defendant Americollect's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

152.   As a direct and proximate result of Defendant Americollect's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

153.   Defendant Americollect's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court allows and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

154.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Americollect, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Americollect)

155.   Plaintiff incorporates by reference paragraphs ¶¶ 1-4 and 8-21 of this

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Complaint.

156.   On at least one occasion within the past year, by example only and without limitation, Defendant Americollect violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

157.   On one or more occasions within the past year, by example only and without limitation, Defendant Americollect violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

158.   On one or more occasions within the past year, by example only and without limitation, Defendant Americollect violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

159.   When Defendant Americollect received notice of Plaintiff's disputes from Equifax, Experian, and Trans Union, Defendant Americollect could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

160.   Defendant Americollect would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Americollect had reviewed its own systems and previous communications with the Plaintiff.

161.   Defendant Americollect's investigation was per se deficient by reason

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of these failures in Defendant Americollect's investigation of Plaintiff's Disputes.

162.    As a direct and proximate result of Defendant Americollect's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

163.    Defendant Americollect's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

164.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Americollect awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: February 2, 2024

Respectfully Submitted,

/s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com